UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BORIS STAVROFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CAUSE NO. 3:05-CV-229 AS |
| GURLEY LEEP DODGE, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**OPINION AND ORDER**

Plaintiff, Boris Stavroff, and Defendant, Gurley Leep Dodge filed a motion to establish the procedure for filing confidential documents.  For the following reasons, this Court **DENIES WITHOUT PREJUDICE** parties' motion [Doc. No. 51].  The parties may resubmit a proposed protective order which comports with Seventh Circuit precedent for this Court's consideration.

**I.     PRELIMINARY MATTERS**

In conformity with this Court's local rules, parties electronically filed their motion. However, the parties failed to electronically sign their motion.  Therefore, because parties motion fails to comply with Fed. R. Civ. P. 11 which requires parties to sign all written motions, parties' motion should be denied without prejudice.  Not withstanding this procedural deficiency, parties' motion is also legally deficient.  Thus, in order to avoid consuming future judicial resources on a motion which is legally insufficient, this Court will address the deficiencies in the motion.

**II.    APPLICABLE STANDARD**

When granting a proposed protective order, this Court must independently determine whether "good cause" exists to seal the requested information from the public record. Fed.R.Civ.P. 26(c); <u>Citizens First National Bank of Princeton v. Cincinnati Insurance Co.</u>, 178 F.3d 943, 944 (7th

Cir.1999). In doing so, this Court must not grant parties *carte blanche* to seal or protect whatever they desire. Citizens, 178 F.3d at 944; See also Pierson v. Indianapolis Power & Light Co., 205 F.R.D. 646, 647 (S.D. Ind. 2002) ("Independent and careful evaluations of protective orders are especially important because '[t]he judge is the primary representative of the public interest in the judicial process....'") (quoting Citizens, 178 F.3d at 945). In other words, this Court cannot serve as a rubber stamp whenever parties wish to seal public records, but must review all requests to seal documents in light of the public interest in the judicial process. Citizens, 178 F.3d at 945 (citing In re Krynicki, 983 F.2d 74 (7th Cir.1992); Miller, Arthur M., Confidentiality, Protective Orders, and Public Access to the Courts, 105 Harv. L.Rev. 427, 492 (1991)).

When reviewing an agreed protective order seeking to seal documents produced in discovery, this Court must ensure that "(1) the information sought to be protected falls within a legitimate category of confidential information, (2) the information or category sought to be protected is properly described or demarcated, (3) the parties know the defining elements of the applicable category of confidentiality and will act in good faith in deciding which information qualifies thereunder, and (4) the protective order explicitly allows any party and any interested member of the public to challenge the sealing of particular documents." Pierson, 205 F.R.D. at 647 (citing Citizens, 178 F.3d at 946). This Court may issue a protective order in this case pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

### III.   ANALYSIS

"The right to intervene to challenge a closure order is rooted in the public's well-established right of access to public proceedings." Jessup v. Luther, 227 F.3d 993, 997 (7th Cir. 2000). In granting protective orders, judges are thus "the primary representative[s] of the public interest in the judicial process" and must require that a "protective order explicitly allows any party and any

2

interested member of the public to challenge the sealing of particular documents." Pierson, 205 F.R.D. at 647 (citing Citizens, 178 F.3d at 945-46).  Parties outline the process for filing sealed documents with the court.  Although the parties' proposed order contains a provision allowing parties to challenge the sealing of a document, parties have failed to include any provision which would explicitly allow any interested member of the public to challenge the sealing of particular documents.  Consequently, parties' proposed order does not comply with Seventh Circuit precedent.

**IV.    CONCLUSION**

Because the proposed order fails to explicitly express that any interested member of the public may challenge the sealing of particular documents, this Court **DENIES WITHOUT PREJUDICE** parties' motion to establish a procedure for the filing of documents containing confidential materials.   The parties may resubmit their proposed order in light of the standards set forth in this order and the citations herein.

**SO ORDERED.**

Dated this 20th day of September, 2005.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge