UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **BORIS STAVROFF,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   3:05 CV 229 |
| | ) |
| **GURLEY LEEP DODGE, INC.,** | ) |
| doing business as **DODGE CITY; and** | ) |
| **JIM MUDD ADVERTISING AGENCY,** | ) |
| **INC., d/b/a THE MUDD GROUP** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM, OPINION AND ORDER

Before this Court is Defendants', Gurley Leep Dodge, Inc., doing business as Dodge City ("Gurley Leep"), and Jim Mudd Advertising Agency, Inc., d/b/a The Mudd Group (the "Mudd Agency"), Motion for Judgment on the Pleadings, pursuant to Federal Rule of Criminal Procedure Rules 12(b)(6) and 12(c), against Plaintiff, Boris Stavroff ("Stavroff"). The Plaintiff has alleged that Defendants violated Section 1681m of the Fair Credit Reporting Act, 15 U.S.C. § 1681m. The Defendants assert that it is entitled to Judgment as a matter of law and that Plaintiff's claim should be dismissed with prejudice for failure to state a claim upon which relief can be granted. Specifically, the Defendants assert that there is no private right of action for the alleged violation of 15 U.S.C. § 1681m, the Fair Credit Reporting Act.

### I.  Procedural History

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. § 1681p

("FCRA"). Venue is appropriate in this case due to the fact that Defendants do business in the Northern District of Indiana and because the mailing that gave rise to this case was directed to and received by a Plaintiff in this District.

On April 18, 2005, Plaintiff filed his Complaint [docket #1] with this Court. That Complaint was answered [docket #29] by Defendants on July 8, 2005. Defendants moved for judgment on the pleadings on September 2, 2005 [docket #42], seeking judgment on Plaintiff's original Complaint. Then, on October 13, 2005, Plaintiff filed his Amended Complaint [docket #65]. On November 1, 2005, Defendants filed an Amended Motion for Partial Judgment on the Pleadings [docket #71], which, in light of Plaintiff's Amended Complaint, amended and superceded Defendants' original Motion for Judgment on the Pleadings [docket #42].

## II. Standard of Review

Under Federal Rules of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." A Rule 12(c) motion for judgment on the pleadings is reviewed "under the same standards as a motion to dismiss under 12(b): the motion is not granted unless it appears beyond doubt that the plaintiff can prove no facts sufficient to support the moving party." *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir. 1997). And a motion for judgment on the pleadings is properly granted where, accepting all "well-pleaded allegations in the complaint as true" and drawing all "reasonable inferences in favor of the plaintiff," the moving party is entitled to judgment as a matter of law. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000); *Milne v.*

2

*Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005).  This Court is permitted only to consider the pleadings, which include the complaint, the answer, and any written instruments attached to those documents and exhibits.  *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)(citing Fed.R.Civ.P. 10(c)).

### III.  Factual Background

In the Spring of 2005, Plaintiff received a document, namely a "notice of preapproval," from the Defendants via the United States mail.  That document was attached to Plaintiff's original Complaint and Amended Complaint as Exhibit A.  Plaintiff contends that the Defendants used prescreening to identify persons who have poor credit or have recently obtained bankruptcy discharges, for the purpose of targeting them for subprime credit.  Amended Complaint at 3.  Plaintiff also asserts that he had not authorized anyone to access his credit report and did not initiate any transaction with Defendants.  *Id*.  Finally, Plaintiff contends that Defendants accessed his consumer report without his consent or for any lawful reason, thus willfully violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.  Amended Complaint at Paragraph 40.

### IV.  Analysis

The Fair Credit Reporting Act, 15 U.S.C. § 1681b(c), limits the situations in which a credit report may be accessed without a consumer's authorization of the release of that information or without a consumer initiating a transaction.  Consumer agencies are authorized to provide consumer reports to persons making firm offers of credit, pursuant to

3

15 U.S.C. § 1681b(c)(1)(B)(I), and 15 U.S.C. § 1681b(f) authorizes those persons making firm offers of credit to obtain such reports. A creditor must also make a "clear and conspicuous statement" of certain details in addition to making a "firm offer of credit." 15 U.S.C. § 1681m(d)(1). And 15 U.S.C. § 1681n provides a private right of action for willful violations of the FCRA. However, in 2003, Congress passed the Fair and Accurate Credit Transactions Act ("FACTA"), which amended numerous provisions of the FCRA. Pub.L. No. 108-159, 117 Stat. 1952 (2003). Specifically, Section 311(a) of FACTA added subsection (h) to Section 1681m of the FCRA. See FACTA, Pub.L. No. 108-159, § 311(a), 117 Stat. 1952, 1988-89 (2003). The revised portions of § 1681m(h) became effective on December 1, 2004. Section 1681m(h)(8) reads:

> Enforcement
>
> (A) No civil actions. Sections 1681n and 1681o of this title shall not apply to any failure by any person to comply with this section.
>
> (B) Administrative enforcement. This section shall be enforced exclusively under § 1681s by the Federal agencies and officials identified in that section. 15 U.S.C. § 1681m(h)(8).

The Federal agencies and officials identified in § 1681s include the Federal Trade Commission, the Federal Deposit Insurance Corporation, the Comptroller of the Currency, the Secretary of Agriculture, and State regulators, among other government regulators under various circumstances.

<u>Interpretation of § 1681m</u>

Defendant asserts that § 1681m of the FCRA does not provide for a private right of

4

action and cited *Murray v. Cross Country Bank*, 399 F.Supp.2d 843 (N.D. Ill. 2005), where the court dismissed a substantially similar complaint, to support its contention.[1] Specifically, the Defendant relies on the *Murray* and *Perry* cases to support its argument that "this section" in 15 U.S.C. § 1681m(h)(8) plainly refers to § 1681m in its entirety and precludes any private right of action.  Defendant states that § 1681m is one of twenty-nine sections contained in the FCRA, codified as §§ 1681a through 1681x and that § 1681m is referred to as such in numerous places in the FCRA.  Docket #72-3 at 4.  See, e.g., 15 U.S.C. §§ 1681a(d)(2)(c), 1681h(e), 1681j(b), 1681s(b), and 1681s-2(c) (all referring to "section 1681m of this title").

Plaintiff conceded that the issue of whether a private right of action exists has recently been addressed by five different opinions (at the time of its response to Defendant's Motion) from the District Courts in the Northern District of Illinois.[2]  Docket #73-1 at 2.[3]  Plaintiff

---

[1] The Defendant cited additional cases wherein substantially similar complaints were dismissed on similar grounds.  Those cases include:  *Murray v. Household Bank*, 386 F.Supp.2d 993, 995 (N.D. Ill. 2005) and *Perry v. First National Bank*, Case Number 05 C 1470 (N.D. Ill. Sept. 13, 2005).

[2] Those cases include: *Murray v. Cross County Bank*, 2005 U.S. Dist LEXIS 21314 (N.D. Ill. Aug. 15, 2005)(Zagel, J.)(granting defendant's motion to dismiss); *Murray v. Household Bank (SB), N.A.*, 386 F.Supp.2d 993, 999 (N.D. Ill. Sept. 12, 2005)(Gettleman, J.)(granting defendant's motion for judgment on the pleadings); *Perry v. First National Bank*, 05 C 1470, 2005 U.S. Dist. LEXIS 23100 (N.D. Ill. Sept. 13, 2005)(Gettleman, J.)(ruling that no private right of action exists under § 1681m); *Pietra v. Curfin Oldsmobile, Inc.*, 05 C 4624, Dkt. #24 (N.D. Ill. Nov. 1, 2005)(Conlon, J.)(ruling that no private right of action exists under § 1681m); and *Murray v. Cingular*, 05 C 1334, Dkt #51 (N.D. Ill. Nov. 2, 2005)(Manning, J.)(ruling that § 1681m(h) eliminated any private right of action for violations of § 1681m).

[3] It is worth noting that the decision in *Perry v. First National Bank* is on appeal to the Seventh Circuit, appellate number 05-3867, filed September 28, 2005.

asserts, however, that the central question in the holdings of each of those cases was whether the term "section" in § 1681m(h)(8) refers to the entire § 1681m or solely to subsection (h). Here, however, Plaintiff asserts that Congress' drafting error defeats the intent of the FCRA's pro-consumer provisions to limit access to an individual's consumer report, leaving the Federal Trade Commission as the only route of appeal.  Docket #73-1 at 2.

      In his brief, Plaintiff set forth the procedural background surrounding the passage of FACTA as well the origin of § 1681m(h).  As mentioned above, § 1681m(h) was added by §311(a) of FACTA in 2003 as § 1681m(h)(8).  Thus, Plaintiff contends that the application of § 1681m(h)(8) was intended to apply only to the newly added provisions under § 1681m(h) and not § 1681m in its entirety.  Plaintiff basis this contention on the location of the text in § 1681m(h)(8) rather than a new subsection, § 1681m(I).  Plaintiff stated, "[u]nder the rules for organizing statutes the appropriate designation for a subdivision of 15 U.S.C. § 1681m intended to apply to all of § 1681m and not only to § 1681m(h) is § 1681m(I), not § 1681m(h)(8).  Conversely, the location of the disputed language in § 1681m(h)(8) means that it was intended to modify the rest of § 1681m(h), only, and not § 1681m(a)-(g)." Docket #73-1 at 4 (citing *Koons Buick Pontiac GMC, Inc. v. Nigh*, 125 S.Ct. 460 (2004); *Rump v. Aetna Casualty & Surety Co.*, 551 Pa. 339; 710 A.2d 1093 (Pa. 1998)).  Plaintiff goes on to assert that "section" is an ambiguous word and that the "placement of the language in § 1681m(h)(8)(B) makes it ambiguous."  Docket # 73-1 at 4.  Essentially, Plaintiff is arguing that the word "section" appears at the end of § 1681m(h)(8) due to a scrivener's error.

      The main question before this Court is whether § 1681m(h)(8)(A) eliminated any

putative private right of action under § 1681n for willful violations of § 1681m.  This Court is keenly aware of the 5 cases coming out of the Northern District of Illinois (see Footnote 2 above), *Hernandez v. Citifinancial Services, Inc.*, 2005 WL 3430858 (N.D. Ill. Dec. 9, 2005)(Filip, J.)(granting defendant's motion for partial judgment on the pleadings) and *White v. E-Loan*, Inc., 2006 WL 122205 (N.D. Cal. Jan. 17, 2006)(Illston, J.)(granting defendant's motion for partial judgment on the pleadings).  Each of these cases have concluded that § 1681m(h)(8) denies a private right of action for any violations of § 1681m.  Additionally, in *Phillips v. New Century Fin. Corp.*, the U.S. District Court for the Central District of California ruled that "the enforcement provision found in section 1681m(h)(8) applies to the entirety of section 1681m, including, of course, 1681m(d)."  No. SA CV 05-0692, Order at 5 (C.D. Cal. Nov. 9, 2005)(Carter, J.)(citing with approval to the recent Northern District of Illinois cases and dismissing § 1681m(d) claim with prejudice).

While the decisions coming out of the Northern District of Illinois, and certainly the Central District of California, are not binding on this Court, there are no circuit court decisions currently that deal with this particular issue of statutory construction.  In *TMF Tool Co., Inc. v. Muller*, 913 F.2d 1185, 1191 (7th Cir. 1990), the 7th Circuit stated, "it is an entirely proper practice for district judges to give deference to persuasive opinions by their colleagues on the same court."  Here, without any circuit precedent to turn to, this Court has given careful consideration to the recent district court opinions from this circuit and finds them persuasive.

In *Murray v. Household Bank*, the Court stated, "'Congress ordinarily adheres to a

7

hierarchical scheme in subdividing statutory sections,' and the Senate and House manuals each provide that sections are to be divided in descending order into subsections, paragraphs, subparagraphs, and clauses." *Id*., 386 F.Supp.2d at 997(quoting *Koons*, 543 U.S. 50, 125 S.Ct. 460, 467, 160 L.Ed.2d 389 (2004)). "Within § 1681m(h), the FCRA refers to § 1681n, § 1681o, and § 1681s as "sections," indicating that a section is denominated with the first letter after the number." *Hernandez* at *4; accord *Murray v. Cross Country Bank*, 2005 WL 2644961, at *1. Additionally, "§ 1681m(h) uses the term 'subsection (a)' to refer to § 1681m(a), indicating that a subsection is demarcated by the second letter in parentheses." Id. See *Murray v. Household Bank*, 386 F.Supp.2d at 997; *accord, e.g., Murray v. Cross Country Bank*, 2005 WL 2644961, at *1; *Pietras*, 2005 WL 2897386, at *3.

Throughout FACTA § 311, Congress consistently used the term "section" when it referred to § 1681m(h). See 15 U.S.C. §§ 1681m(h)(1) ("within this subsection"); 1681m(h)(3) ("No notice shall be required from a person under this subsection if..."); 1681m(h)(4) ("under this subsection"); 1681m(h)(5) ("A notice under this subsection shall..."). This specific and distinct word usage demonstrates that "Congress recognized their different meanings and could have limited the administrative enforcement provision [§ 1681m(h)(8)] to a 'subsection' instead of applying it to the entire 'section.'" Id. (*quoting Murray v. Cross Country Bank*, 2005 WL 2644961, at *1). Additionally, as Judge Zagel noted in *Murray v. Cross Country Bank*, § 1681m(h)(8) is the final provision of § 1681m and is the only provision concerning enforcement. It simply makes sense to apply that provision to § 1681m in its entirety. Thus, the term "section" should be given its apparent meaning:

there is no private right of action for all of section 1681m.  See *Hernandez* at *4.

  This Court sees no reason to consider the legislative history of the statute at issue.  The Supreme Court stated in *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, — U.S. ----, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005), "the authoritative statement is the statutory text, not the legislative history or any other extrinsic material.  Extrinsic materials have a role in statutory interpretation only to the extent that they shed a reliable light on the enacting Legislature's understanding of otherwise ambiguous terms."  *Id.* at 2626.  "*Exxon Mobil* bars resort to legislative history to alter the 'plain terms' of a statute."  *Murray v. Household Bank*, 386 F.Supp.2d at 998-99 (citing *Jacobs v. Bremner*, 378 F.Supp.2d 861, 866 (N.D. Ill. 2005).

  Here, Plaintiff presented this Court [Docket #73-1 Exhibit D] with Representative Oxley's submission of a "section-by-section analysis [of § 311 of FACTA] on behalf of [himself] and the gentleman from Alabama (Mr. Bachus), a Chairman of the Financial Institutions and Consumer Credit Subcommittee, who introduced H.R. 2662 and presided over a series of hearings over the past year that had the groundwork for this landmark legislation."  Rep. Oxley, Cong. Rec., Dec. 8, 2003, at E2512.  Docket #73-1 at 3.  Even if this Court were to disregard the *Exxon Mobil* rule of statutory interpretation, this Court finds that the relevant legislative history in unconvincing because it fails to shed reliable,  relevant light in this case.  The statements before the Court are made in general terms and seemingly do not address the particular question before this Court.

  Therefore, while there is no way to "perfectly reconcile the contents of § 1681m(h)(8) with the remainder of § 1681m," the language of the statute is clear.  *White v. E-Loan*, *Inc.*,

9

2006 WL 122205, at *4.  This Court has determined that "section," as used in § 1681m(h)(8), unambiguously refers to the entire § 1681m.  *See Hernandez* at *6; *Exxon Mobile*, 125 S.Ct. at 2626; *accord, e.g., Germain*, 503 U.S. at 254 ("When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'")(quoting *Rubin v. United States*, 449 U.S. 424, 430 (1981).  Accordingly, this Court GRANTS the Defendants' Motion for Partial Judgment on the pleadings.

### V.  Conclusion

For the reasons stated herein, the Court **GRANTS** the Defendants' Motion for Partial Judgment on the Pleadings [Docket # 71].  Judgment in this matter is entered in favor of Gurley Leep and the Mudd Agency and against the Plaintiff as a matter of law on Plaintiff's claims that Defendants have violated Section 1681m of the Fair Credit Reporting Act, 15 U.S.C. § 1681m.  Plaintiff's aforementioned claim is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

**Date: January 20, 2006**

                                               S/ ALLEN SHARP
                                        **ALLEN SHARP, JUDGE**
                                        **UNITED STATES DISTRICT COURT**